# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANGHAI AUCTA PHARMACEUTICALS CO. LTD.; AUCTA PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ZYDUS PHARMACEUTICALS (USA) INC.; ZYDUS LIFESCIENCES LTD., <br><br> Defendants. | Civil Action No. _____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Shanghai Aucta Pharmaceuticals Co. Ltd. ("Shanghai Aucta") and Aucta Pharmaceuticals, Inc. ("Aucta") (collectively, "Plaintiffs"), for their Complaint against Defendants Zydus Pharmaceuticals (USA) Inc. ("Zydus USA Inc.") and Zydus Lifesciences Ltd. ("Zydus Ltd.") (collectively, "Zydus"), hereby allege as follows:

## THE PARTIES

1. Plaintiff Shanghai Aucta is a company organized and existing under the laws of China, having a principal place of business at Building 10, 100 Banxia Road, SIMZ, Pudong, Shanghai, 201318, China.

2.    Plaintiff Aucta is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 71 Suttons Lane, Piscataway, New Jersey 08854.

3.    Aucta holds New Drug Application ("NDA") No. 216185 for MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg ("MOTPOLY XR™").

4.    Shanghai Aucta is the owner and assignee of United States Patent Nos. 11,337,943 ("the '943 patent"), 11,883,374 ("the '374 patent"), and 12,042,474 ("the '474 patent") (collectively, the "Patents-in-Suit").

5.    Shanghai Aucta has granted Aucta exclusive rights to commercialize in the United States lacosamide extended-release products covered by the Patents-in-Suit.

6.    On information and belief, Defendant Zydus USA Inc. is a corporation organized and existing under the laws of the State of New Jersey having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

7.    On information and belief, Zydus USA Inc., by itself and/or through its affiliates and agents, is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of New Jersey and throughout the United States.

-2-

8. On information and belief, Defendant Zydus Ltd. is a corporation organized and existing under the laws of India having a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, Ahmedabad 382481, India.

9. On information and belief, Zydus Ltd., by itself and/or through its affiliates and agents, is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of New Jersey and throughout the United States.

10. On information and belief, Zydus USA Inc. is a wholly-owned subsidiary and the U.S. division of Zydus Ltd.

11. On information and belief, Zydus USA Inc. and Zydus Ltd. are agents of each other with respect to the development, regulatory approval, marketing, sale, and/or distribution of generic products. On information and belief, the acts of Zydus USA Inc. and Zydus Ltd. complained of herein were done with the cooperation, participation, and assistance of, and at least in part for the benefit of, each other.

12. On information and belief, Defendants Zydus USA Inc. and Zydus Ltd. have cooperated and assisted in the preparation and filing of Zydus's Abbreviated New Drug Application ("ANDA") No. 220959 and will be involved in the

manufacture, importation, marketing, and sale of the drug that is the subject of ANDA No. 220959 if it is approved.

## NATURE OF THE ACTION

13. This is a civil action for the infringement of the Patents-in-Suit under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., arising from Zydus's filing of ANDA No. 220959 with the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg, before the expiration of the Patents-in-Suit covering MOTPOLY XR™.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

15. This Court has personal jurisdiction over Zydus by virtue of the fact that, inter alia, Zydus has committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of New Jersey and throughout the United States.

16. This Court has personal jurisdiction over Zydus by virtue of the fact that Zydus is at home in New Jersey as reflected by the fact that, on information and belief, it regularly does or solicits business in New Jersey, engages in other

persistent courses of conduct in New Jersey, and/or derives substantial revenue from services or things used or consumed in New Jersey, including by selling its pharmaceutical products in New Jersey and, therefore, can reasonably expect to be subject to jurisdiction in the New Jersey courts. Among other things, on information and belief, Zydus conducts marketing and sales activities in the State of New Jersey, including but not limited to, distribution, marketing, and sales of pharmaceutical products to New Jersey residents that are continuous and systematic. On information and belief, if Zydus's ANDA No. 220959 is approved, it will market and sell its generic versions of MOTPOLY XR™ in New Jersey.

17. This Court has personal jurisdiction over Zydus USA Inc. On information and belief, Zydus USA Inc. is a New Jersey corporation having a principal place of business in New Jersey.

18. This Court also has personal jurisdiction over Zydus USA Inc. and Zydus Ltd. (formerly known as Cadila Healthcare Ltd.) by virtue of the fact that each previously submitted to the jurisdiction of this Court and availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction including, but not limited to, e.g., *American Regent, Inc. v. Zydus Pharms. (USA) Inc.*, No. 2:24-cv-07812 (D.N.J.); *AbbVie Inc. v. Zydus Pharms. (USA) Inc.*, No. 3:24-cv-04603 (D.N.J.); *Astellas Pharma Inc. v. Zydus Pharms. (USA) Inc.*, No. 2:22-cv-04499 (D.N.J); *Fresenius Kabi USA, LLC*

*v. Zydus Pharms. (USA) Inc.*, No. 3:22-cv-01702 (D.N.J.); *Supernus Pharms., Inc., v. Zydus Pharms. (USA) Inc.*, No. 3:21-cv-17104 (D.N.J.); *Almirall, LLC v. Zydus Pharms. (USA) Inc.*, No. 3:20-cv-00343 (D.N.J.); *Takeda Pharm. Co. v. Zydus Pharms. (USA) Inc.*, No. 3:18-cv-11792 (D.N.J.); *Shionogi Inc. v. Zydus Pharms. (USA) Inc.*, No. 3:18-cv-12898 (D.N.J.); *Valeant Pharms. N. Am., LLC v. Zydus Pharms. (USA) Inc.*, No. 2:18-cv-13635 (D.N.J.); and *Takeda Pharm. Co. v. Zydus Pharms. (USA) Inc.*, No. 3:18-cv-01994 (D.N.J.). On information and belief, Zydus USA Inc. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of New Jersey by having filed suit in this jurisdiction. *See, e.g., Zydus Pharms. (USA) Inc. v. Novartis Pharms. Co.*, No. 2:19-cv-21259 (D.N.J.); *Zydus Pharms. (USA) Inc. v. Eli Lilly & Co.*, 2:10-cv-05584 (D.N.J.).

19. Alternatively, assuming that the above facts do not establish personal jurisdiction over Zydus Ltd., this Court may exercise jurisdiction over Zydus Ltd. pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Zydus Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Zydus Ltd. has sufficient contacts with the United States as a whole, including but not limited to manufacturing and/or selling pharmaceutical products distributed throughout the

United States, such that this Court's exercise of jurisdiction over Zydus Ltd. satisfies due process.

20. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

21. Venue is proper in this judicial district for Zydus USA Inc. because, among other things, on information and belief, Zydus USA Inc. is a New Jersey corporation having a principal place of business in New Jersey.

22. Venue is proper in this judicial district for Zydus Ltd. because, among other things, Zydus Ltd. is a foreign corporation not residing in any United States district and may be sued in any judicial district.

23. Venue is further proper as to Zydus because, among other things, Zydus has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture and/or market MOTPOLY XR™ for sale and use throughout the United States, including within the State of New Jersey.

## THE MOTPOLY XR™ NDA

24. Aucta holds NDA No. 216185 for MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg.

25. MOTPOLY XR™ is a prescription pharmaceutical product containing lacosamide in an extended-release dosage form.

## THE PATENTS-IN-SUIT

26. On May 24, 2022, the '943 patent, entitled "Lacosamide Pharmaceutical Composition and Dosage Form Thereof," was duly and legally issued to Shanghai Aucta. A true and correct copy of the '943 patent is attached hereto as Exhibit A.

27. On January 30, 2024, the '374 patent, entitled "Lacosamide Pharmaceutical Composition and Dosage Form Thereof," was duly and legally issued to Shanghai Aucta. A true and correct copy of the '374 patent is attached hereto as Exhibit B.

28. On July 23, 2024, the '474 patent, entitled "Lacosamide Pharmaceutical Composition and Dosage Form Thereof," was duly and legally issued to Shanghai Aucta. A true and correct copy of the '474 patent is attached hereto as Exhibit C.

29. In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the Patents-in-Suit are listed in the Orange Book for MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg.

30. The Patents-in-Suit are valid, enforceable, and have not expired.

## ACTS GIVING RISE TO THE PATENT INFRINGEMENT COUNTS

31. By a letter dated February 10, 2026 (the "Zydus Notice Letter"), Zydus advised Plaintiffs that Zydus had submitted ANDA No. 220959 to the FDA to obtain approval to engage in the commercial manufacture, use, sale, or importation of lacosamide extended-release capsules, 200 mg.

32. The Zydus Notice Letter further advised Plaintiffs that Zydus had amended ANDA No. 220959 to obtain approval to engage in the commercial manufacture, use, sale, or importation of lacosamide extended-release capsules, 100 mg and 150 mg (together with lacosamide extended-release capsules, 200 mg, "Zydus's Proposed ANDA Product") prior to the expiration of the Patents-in-Suit.

33. On information and belief, Zydus submitted ANDA No. 220959 to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's Proposed ANDA Product as a generic version of MOTPOLY XR™.

34. The Zydus Notice Letter further advised Plaintiffs that Zydus's ANDA submission included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") with respect to the Patents-in-Suit.

35. There is an actual, real, immediate, and justiciable controversy between Plaintiffs and Zydus regarding the infringement, validity, and enforceability of the Patents-in-Suit.

36. On information and belief, following FDA approval of ANDA No. 220959, Zydus will act in concert to make, use, offer to sell, or sell Zydus's Proposed ANDA Product throughout the United States, including New Jersey, or import such a generic product into the United States.

37. On information and belief, following FDA approval of ANDA No. 220959, Zydus intends to directly benefit from sales of Zydus's Proposed ANDA Product.

38. Plaintiffs are commencing this action within 45 days of receiving the Zydus Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

**COUNT I (Infringement of the '943 Patent)**

39. Plaintiffs incorporate each of the preceding paragraphs 1 to 38 as if fully set forth herein.

40. By submitting ANDA No. 220959 to the FDA to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's Proposed ANDA Product throughout the United States,

-10-

including New Jersey, prior to expiration of the '943 patent, Zydus committed an act of infringement of the '943 patent under 35 U.S.C. § 271(e)(2)(A).

41. On information and belief, Zydus's Proposed ANDA Product, if approved by the FDA, will contain lacosamide in an extended-release dosage form, which will constitute infringement of claims of the '943 patent.

42. On information and belief, Zydus's manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed ANDA Product prior to the expiration of the '943 patent, including any applicable exclusivities or extensions, will directly infringe one or more claims of the '943 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, Zydus will also indirectly infringe one or more of the claims of the '943 patent under 35 U.S.C. § 271(b) and/or 271(c). Zydus will infringe one or more claims of the '943 patent.

43. On information and belief, Zydus's Proposed ANDA Product will infringe at least Claim 1 of the '943 patent which recites:

> 1. A dosage form of lacosamide or a pharmaceutically acceptable salt thereof, comprising:
>
> (a) an extended release portion, comprising:
>
> i. a core comprising lacosamide or a pharmaceutically acceptable salt thereof, and

ii. an extended release layer enclosing the core, wherein the extended release layer is free from lacosamide or a pharmaceutically acceptable salt thereof and comprises an extended release agent which is pH independent;

wherein the core is free from the extended release agent, and

(b) an immediate release portion of lacosamide or a pharmaceutically acceptable salt thereof, wherein the lacosamide or a pharmaceutically acceptable salt thereof of the immediate release portion ranges from about 5% to about 30% by weigh in the total amount of lacosamide or a pharmaceutically acceptable salt thereof in the dosage form;

wherein the immediate release portion encloses the extended release portion to form a particulate, and wherein the dosage form comprises a plurality of the particulates;

wherein the lacosamide or a pharmaceutically acceptable salt thereof in the dosage form has an in-vitro dissolution according to the following:

(a) less than about 20% in 1 hour;

(b) about 20%-80% in 4 hours; and

(c) more than about 80% in 12 hours; wherein the dissolution is determined using a USP type 1 dissolution system (Basket Apparatus) at 100 rpm and a temperature of 37±0.5° C. in 900 ml of pH 6.8 phosphate buffer for 12 hours;

wherein the dosage form when orally administered once daily achieves more than 90% of the AUC(0-inf) of an immediate released reference lacosamide administered to the subject in fasting condition, and wherein the daily dosage of the dosage form is the same as the daily dosage of the immediate released reference lacosamide.

44. On information and belief, Zydus's Proposed ANDA Product will infringe at least Claim 1 of the '943 patent because Zydus's Proposed ANDA Product is a lacosamide extended-release capsule dosage form that meets each and

every limitation of Claim 1 of the '943 patent, either literally or under the doctrine of equivalents.

45. On information and belief, Zydus was aware of the existence of the '943 patent and its listing in the Orange Book as demonstrated by Zydus's reference to the '943 patent in the Zydus Notice Letter.

46. On information and belief, Zydus copied the claimed invention of the '943 patent.

47. On information and belief, Zydus knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's Proposed ANDA Product prior to patent expiry will infringe one or more claims of the '943 patent.

48. On information and belief, Zydus's statement of the factual and legal bases for its opinions regarding non-infringement and/or invalidity of the '943 patent is devoid of an objective good faith basis in either the facts or the law. This case is exceptional.

49. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

## COUNT II (Infringement of the '374 Patent)

50. Plaintiffs incorporate each of the preceding paragraphs 1 to 49 as if fully set forth herein.

51. By submitting ANDA No. 220959 to the FDA to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's Proposed ANDA Product throughout the United States, including New Jersey, prior to expiration of the '374 patent, Zydus committed an act of infringement of the '374 patent under 35 U.S.C. § 271(e)(2)(A).

52. On information and belief, Zydus's Proposed ANDA Product, if approved by the FDA, will contain lacosamide in an extended-release dosage form, which will constitute infringement of claims of the '374 patent.

53. On information and belief, Zydus's manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed ANDA Product prior to the expiration of the '374 patent, including any applicable exclusivities or extensions, will directly infringe one or more claims of the '374 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, Zydus will also indirectly infringe one or more of the claims of the '374 patent under 35 U.S.C. § 271(b) and/or 271(c). Zydus will infringe one or more claims of the '374 patent.

54. On information and belief, Zydus's Proposed ANDA Product will infringe at least Claim 1 of the '374 patent which recites:

1. A dosage form of lacosamide or a pharmaceutically acceptable salt thereof, comprising:

(a) a first plurality of the particulates, each comprising

i. a core comprising lacosamide or a pharmaceutically acceptable salt thereof, and

ii. an extended release layer enclosing the core, wherein the extended release layer is free from lacosamide or a pharmaceutically acceptable salt thereof and comprises an extended release agent which is pH independent; wherein the core is free from the extended release agent, and

(b) an immediate release portion of lacosamide or a pharmaceutically acceptable salt thereof in the form of a second plurality of particulates, wherein the lacosamide or the pharmaceutically acceptable salt thereof of the immediate release portion ranges from about 5% to about 30% by weigh in the total amount of the lacosamide or the pharmaceutically acceptable salt thereof in the dosage form, wherein the dosage form is configured to have an in-vitro dissolution according to the following:

(a) less than about 20% in 1 hour;

(b) about 20%-80% in 4 hours; and

(c) more than about 80% in 12 hours; wherein the dissolution is determined using a USP type 1 dissolution system (Basket Apparatus) at 100 rpm and a temperature of 37±0.5° C. in 900 ml of pH 6.8 phosphate buffer for 12 hours.

55. On information and belief, Zydus's Proposed ANDA Product will infringe at least Claim 1 of the '374 patent because Zydus's Proposed ANDA Product is a lacosamide extended-release capsule dosage form that meets each and

every limitation of Claim 1 of the '374 patent, either literally or under the doctrine of equivalents.

56. On information and belief, Zydus was aware of the existence of the '374 patent and its listing in the Orange Book as demonstrated by Zydus's reference to the '374 patent in the Zydus Notice Letter.

57. On information and belief, Zydus copied the claimed invention of the '374 patent.

58. On information and belief, Zydus knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's Proposed ANDA Product prior to patent expiry will infringe one or more claims of the '374 patent.

59. On information and belief, Zydus's statement of the factual and legal bases for its opinions regarding non-infringement and/or invalidity of the '374 patent is devoid of an objective good faith basis in either the facts or the law. This case is exceptional.

60. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

## COUNT III (Infringement of the '474 Patent)

61. Plaintiffs incorporate each of the preceding paragraphs 1 to 60 as if fully set forth herein.

62. By submitting ANDA No. 220959 to the FDA to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's Proposed ANDA Product throughout the United States, including New Jersey, prior to expiration of the '474 patent, Zydus committed an act of infringement of the '474 patent under 35 U.S.C. § 271(e)(2)(A).

63. On information and belief, Zydus's Proposed ANDA Product, if approved by the FDA, will contain lacosamide in an extended-release dosage form, which will constitute infringement of claims of the '474 patent.

64. On information and belief, Zydus's manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed ANDA Product prior to the expiration of the '474 patent, including any applicable exclusivities or extensions, will directly infringe one or more claims of the '474 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, Zydus will also indirectly infringe one or more of the claims of the '474 patent under 35 U.S.C. § 271(b) and/or 271(c). Zydus will infringe one or more claims of the '474 patent.

65. On information and belief, Zydus's Proposed ANDA Product will infringe at least Claim 1 of the '474 patent which recites:

1. A dosage form of lacosamide comprising:

an extended release (ER) portion comprising one or more extended release agents and a first portion of lacosamide or a pharmaceutically acceptable salt thereof, wherein the first portion of lacosamide or a pharmaceutically acceptable salt thereof and the one or more extended release agents are in a ratio ranging from about 15:1 to about 1:1 by weight, and

an immediate release (IR) portion comprising a second portion of lacosamide or a pharmaceutically acceptable salt thereof, wherein the total amount of lacosamide or a pharmaceutically acceptable salt thereof is at least 20% by weight in the dosage form;

wherein the dosage form is configured so that, when administered orally once a day, is characterized by one or more of the following:

(a) $AUC_{0-3h}$ is equal or more than 40% of a reference $AUC_{0-3h}$ resulting from a reference IR dosage form administered twice a day, wherein the amount of lacosamide or a pharmaceutically acceptable salt thereof in the reference IR dosage form is the same as the total amount of lacosamide or a pharmaceutically acceptable salt thereof in the dosage form;

(b) $AUC_{0-6h}$ is equal or more than 60% of a reference $AUC_{0-6h}$ resulting from the reference IR dosage form administered twice a day; and

(c) $AUC_{12-24h}$ ranging from about 80% to 125% of a reference $AUC_{12-24h}$ resulting from the reference IR dosage form administered twice a day.

66. On information and belief, Zydus's Proposed ANDA Product will infringe at least Claim 1 of the '474 patent because Zydus's Proposed ANDA Product is a lacosamide extended-release capsule dosage form that meets each and

-18-

every limitation of Claim 1 of the '474 patent, either literally or under the doctrine of equivalents.

67. On information and belief, Zydus was aware of the existence of the '474 patent and its listing in the Orange Book as demonstrated by Zydus's reference to the '474 patent in the Zydus Notice Letter.

68. On information and belief, Zydus copied the claimed invention of the '474 patent.

69. On information and belief, Zydus knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's Proposed ANDA Product prior to patent expiry will infringe one or more claims of the '474 patent.

70. On information and belief, Zydus's statement of the factual and legal bases for its opinions regarding non-infringement and/or invalidity of the '474 patent is devoid of an objective good faith basis in either the facts or the law. This case is exceptional.

71. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.  A Judgment that Zydus has infringed one or more claims of United States Patent Nos. 11,337,943, 11,883,374, and 12,042,474 by submitting ANDA No. 220959 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's Proposed ANDA Product before the expiration of those patents under 35 U.S.C. § 271(e)(2)(A);

B.  A Judgment that Zydus's commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Zydus's Proposed ANDA Product will infringe one or more claims of United States Patent Nos. 11,337,943, 11,883,374, and 12,042,474 under 35 U.S.C. §§ 271(a), 271(b), and/or 271(c);

C.  A permanent injunction under 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining Zydus, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from engaging in the commercial manufacture, use, importation, offer for sale, and/or sale in the United States of Zydus's Proposed ANDA Product prior to the expiration dates of United States Patent Nos. 11,337,943, 11,883,374, and 12,042,474, inclusive of any extensions;

D.  An Order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 220959 under Section 505(j) of the FDCA (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration dates of United States Patent Nos. 11,337,943, 11,883,374, and 12,042,474, inclusive of any extensions;

E.  A Judgment that the claims of United States Patent Nos. 11,337,943, 11,883,374, and 12,042,474 are valid and enforceable;

F.  If Zydus engages in the commercial manufacture, use, importation, offer for sale, and/or sale in the United States of Zydus's Proposed ANDA Product prior to the expiration dates of United States Patent Nos. 11,337,943, 11,883,374, and 12,042,474, inclusive of any extensions, a Judgment awarding damages to Plaintiffs resulting from such infringement, with all costs and interest;

G.  A declaration that this case is "exceptional" under 35 U.S.C. § 285 and an award of attorneys' fees;

H.  An award of costs and expenses in this action; and

I.  Such other and further relief as the Court may deem just and proper.

Dated: March 23, 2026

/s/ *Liza M. Walsh*
Liza M. Walsh
Selina M. Ellis
Patrick S. Salamea
WALSH PIZZI O'REILLY
FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

Christopher P. Borello *(pro hac vice forthcoming)*
Joshua D. Calabro *(pro hac vice forthcoming)*
VENABLE LLP
151 W 42nd Street, 49th Floor
New York, NY 10036
(212) 218-2100

*Attorneys for Plaintiffs*

-22-

-23-

## LOCAL RULE 11.2 AND 40.1 CERTIFICATIONS

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending litigation in any court, administrative proceeding, or arbitration proceeding, nor are there any non-parties known to Plaintiffs that should be joined to this action, and this action is not related to any other actions.

Dated: March 23, 2026                    */s/ Liza M. Walsh*
                                         Liza M. Walsh

-24-

## LOCAL RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiffs seek, inter alia, injunctive relief.

Dated: March 23, 2026            */s/ Liza M. Walsh*
                                 Liza M. Walsh