Theodora McCormick
Lauren B. Cooper
Alec Wong
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
281 Witherspoon Street
3rd Floor
Princeton, NJ 08540
Telephone: (609) 490-4860

*Attorneys for Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Ltd.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHANGHAI AUCTA PHARMACEUTICALS CO. LTD.; AUCTA PHARMACEUTICALS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC.; ZYDUS LIFESCIENCES LTD.,<br><br>Defendants. | Civil Action No. 1:26-02954 (ESK)(MJS)<br><br>*Document Electronically Filed* |

**ZYDUS PHARMACEUTICALS (USA) INC. AND ZYDUS LIFESCIENCES LIMITED'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT**

Defendants Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") and Zydus Lifesciences Limited ("Zydus Lifesciences") (collectively, "Defendants") for their Answer, Affirmative Defenses, and Counterclaims to the Complaint of Plaintiffs Shanghai Aucta Pharmaceuticals Co. Ltd. ("Shanghai Aucta") and Aucta Pharmaceuticals, Inc. ("Aucta") (collectively, "Plaintiffs"), state as follows:

All averments not expressly admitted are denied.

## THE PARTIES

1. Plaintiff Shanghai Aucta is a company organized and existing under the laws of China, having a principal place of business at Building 10, 100 Banxia Road, SIMZ, Pudong, Shanghai, 201318, China.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and therefore deny them.

2. Plaintiff Aucta is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 71 Suttons Lane, Piscataway, New Jersey 08854.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and therefore deny them.

3. Aucta holds New Drug Application ("NDA") No. 216185 for MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg ("MOTPOLY XR™").

**ANSWER**: Defendants admit that the United States Food and Drug Administration's ("FDA's") Electronic Orange Book, *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book"), lists "AUCTA PHARMACEUTICALS INC" as Applicant Holder, "MOTPOLY XR" as Proprietary Name, "LACOSAMIDE" as Active Ingredient, "CAPSULE, EXTENDED RELEASE" as Dosage Form, and "100MG," "150MG," and "200MG" as Strengths in connection with New Drug Application ("NDA") No. 216185. Defendants deny all other allegations in paragraph 3.

4. Shanghai Aucta is the owner and assignee of United States Patent Nos. 11,337,943 ("the '943 patent"), 11,883,374 ("the '374 patent"), and 12,042,474 ("the '474 patent") (collectively, the "Patents-in-Suit").

**ANSWER**: Defendants admit that the assignment center of the United States Patent and Trademark Office ("USPTO") lists "Shanghai Aucta Pharmaceuticals Co., Ltd." as the assignee of U.S. Patent No. 11,337,943 ("the '943 patent") under Reel/Frame No. 57183/0165, as assignee of U.S. Patent No 11,883,374 ("the '374 patent") under Reel/Frame No. 65658/0224,

and as assignee of U.S. Patent No. 12,042,474 (“the ’474 patent”) under Reel/Frame No. 65703/0818. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 and therefore deny them.

5. Shanghai Aucta has granted Aucta exclusive rights to commercialize in the United States lacosamide extended-release products covered by the Patents-in-Suit.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and therefore deny them.

6. On information and belief, Defendant Zydus USA Inc. is a corporation organized and existing under the laws of the State of New Jersey having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

**ANSWER**: Admitted.

7. On information and belief, Zydus USA Inc., by itself and/or through its affiliates and agents, is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of New Jersey and throughout the United States.

**ANSWER**: Defendants admit that Zydus USA imports and sells pharmaceutical products, including generic pharmaceutical products, in the United States. Defendants deny all other allegations in paragraph 7.

8. On information and belief, Defendant Zydus Ltd. is a corporation organized and existing under the laws of India having a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, Ahmedabad 382481, India.

**ANSWER**: Defendants admit that Zydus Lifesciences is an entity organized and existing under the laws of India with a place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad 382 481, India. Defendants deny all other allegations in paragraph 8.

9. On information and belief, Zydus Ltd., by itself and/or through its affiliates and agents, is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of New Jersey and throughout the United States.

**ANSWER**: Defendants admit that Zydus Lifesciences manufactures pharmaceutical products, including generic pharmaceutical products, sold in the United States. Defendants further admit that Zydus USA is a wholly owned subsidiary of Zydus Lifesciences and that Zydus USA imports and sells pharmaceutical products, including generic pharmaceutical products manufactured by Zydus Lifesciences, in the United States. Defendants deny all other allegations in paragraph 9.

10. On information and belief, Zydus USA Inc. is a wholly-owned subsidiary and the U.S. division of Zydus Ltd.

**ANSWER**: The allegations in paragraph 10 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Zydus USA is a wholly owned subsidiary of Zydus Lifesciences. Defendants deny all other allegations in paragraph 10.

11. On information and belief, Zydus USA Inc. and Zydus Ltd. are agents of each other with respect to the development, regulatory approval, marketing, sale, and/or distribution of generic products. On information and belief, the acts of Zydus USA Inc. and Zydus Ltd. complained of herein were done with the cooperation, participation, and assistance of, and at least in part for the benefit of, each other.

**ANSWER**: The allegations in paragraph 11 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Zydus USA sells pharmaceutical products, including generic pharmaceutical products developed and/or manufactured by Zydus Lifesciences, in the United States. Defendants deny all other allegations in paragraph 11.

12. On information and belief, Defendants Zydus USA Inc. and Zydus Ltd. have cooperated and assisted in the preparation and filing of Zydus's Abbreviated New Drug Application ("ANDA") No. 220959 and will be involved in the manufacture, importation, marketing, and sale of the drug that is the subject of ANDA No. 220959 if it is approved.

**ANSWER**: The allegations in paragraph 12 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Zydus USA submitted Abbreviated New Drug Application ("ANDA") No. 220959 to FDA under 21 U.S.C. § 355(j),

seeking FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of lacosamide extended-release capsules, 100 mg, 150 mg, and 200 mg ("the Proposed ANDA Product") in or into the United States. Defendants deny all other allegations in paragraph 12.

## NATURE OF THE ACTION

13. This is a civil action for the infringement of the Patents-in-Suit under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., arising from Zydus's filing of ANDA No. 220959 with the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg, before the expiration of the Patents-in-Suit covering MOTPOLY XR™.

**ANSWER**: The allegations in paragraph 13 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that the Complaint purports to be a civil action alleging infringement of the '943, '374, and '474 patents (collectively, the "Patents-in-Suit"). Defendants further admit that Zydus USA submitted ANDA No. 220959 to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Proposed ANDA Product in or into the United States and that ANDA No. 220959 identifies MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg as the Reference Listed Drug. Defendants further admit that ANDA No. 220959 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") with respect to the Patents-in-Suit. Defendants deny that they have infringed or will infringe the Patents-in-Suit. Defendants deny all other allegations in paragraph 13.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

**ANSWER**: The allegations in paragraph 14 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not contest subject matter

jurisdiction in this Court solely for the limited purpose of Plaintiffs' claims against Defendants in this case and solely as they apply to the Proposed ANDA Product. Defendants deny all other allegations in paragraph 14.

15. This Court has personal jurisdiction over Zydus by virtue of the fact that, inter alia, Zydus has committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of New Jersey and throughout the United States.

**ANSWER**: The allegations in paragraph 15 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not contest personal jurisdiction in this Court solely for the limited purpose of Plaintiffs' claims against Defendants in this case and solely as they apply to the Proposed ANDA Product. Defendants deny that they have infringed or will infringe the Patents-in-Suit. Defendants deny all other allegations in paragraph 15

16. This Court has personal jurisdiction over Zydus by virtue of the fact that Zydus is at home in New Jersey as reflected by the fact that, on information and belief, it regularly does or solicits business in New Jersey, engages in other persistent courses of conduct in New Jersey, and/or derives substantial revenue from services or things used or consumed in New Jersey, including by selling its pharmaceutical products in New Jersey and, therefore, can reasonably expect to be subject to jurisdiction in the New Jersey courts. Among other things, on information and belief, Zydus conducts marketing and sales activities in the State of New Jersey, including but not limited to, distribution, marketing, and sales of pharmaceutical products to New Jersey residents that are continuous and systematic. On information and belief, if Zydus's ANDA No. 220959 is approved, it will market and sell its generic versions of MOTPOLY XR™ in New Jersey.

**ANSWER**: The allegations in paragraph 16 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not contest personal jurisdiction in this Court solely for the limited purpose of Plaintiffs' claims against Defendants in this case and solely as they apply to the Proposed ANDA Product. Defendants admit that Zydus USA has a principal place of business in New Jersey and that Zydus USA sells pharmaceutical products, including generic pharmaceutical products manufactured by Zydus Lifesciences, in the United States. Defendants further admit that Zydus USA submitted ANDA No. 220959 to the FDA to

obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Proposed ANDA Product in or into the United States. Defendants deny all other allegations in paragraph 16

17. This Court has personal jurisdiction over Zydus USA Inc. On information and belief, Zydus USA Inc. is a New Jersey corporation having a principal place of business in New Jersey.

**ANSWER**: The allegations in the first sentence of paragraph 17 state legal conclusions to which no answer is required. To the extent an answer is required, Zydus USA does not contest personal jurisdiction in this Court solely for the limited purpose of Plaintiffs' claims against Zydus USA in this case and solely as they apply to the Proposed ANDA Product. Defendants admit the allegations in the second sentence of paragraph 17. Defendants deny all other allegations in paragraph 17.

18. This Court also has personal jurisdiction over Zydus USA Inc. and Zydus Ltd. (formerly known as Cadila Healthcare Ltd.) by virtue of the fact that each previously submitted to the jurisdiction of this Court and availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction including, but not limited to, e.g., *American Regent, Inc. v. Zydus Pharms. (USA) Inc.*, No. 2:24-cv-07812 (D.N.J.); *AbbVie Inc. v. Zydus Pharms. (USA) Inc.*, No. 3:24-cv-04603 (D.N.J.); *Astellas Pharma Inc. v. Zydus Pharms. (USA) Inc.*, No. 2:22-cv-04499 (D.N.J); *Fresenius Kabi USA, LLC v. Zydus Pharms. (USA) Inc.*, No. 3:22-cv-01702 (D.N.J.); *Supernus Pharms., Inc., v. Zydus Pharms. (USA) Inc.*, No. 3:21-cv-17104 (D.N.J.); *Almirall, LLC v. Zydus Pharms. (USA) Inc.*, No. 3:20-cv-00343 (D.N.J.); *Takeda Pharm. Co. v. Zydus Pharms. (USA) Inc.*, No. 3:18-cv-11792 (D.N.J.); *Shionogi Inc. v. Zydus Pharms. (USA) Inc.*, No. 3:18-cv-12898 (D.N.J.); *Valeant Pharms. N. Am., LLC v. Zydus Pharms. (USA) Inc.*, No. 2:18-cv-13635 (D.N.J.); and *Takeda Pharm. Co. v. Zydus Pharms. (USA) Inc.*, No. 3:18-cv-01994 (D.N.J.). On information and belief, Zydus USA Inc. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of New Jersey by having filed suit in this jurisdiction. *See, e.g., Zydus Pharms. (USA) Inc. v. Novartis Pharms. Co.*, No. 2:19-cv-21259 (D.N.J.); *Zydus Pharms. (USA) Inc. v. Eli Lilly & Co.*, 2:10-cv-05584 (D.N.J.).

**ANSWER**: The allegations in paragraph 18 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in the first sentence of paragraph 18. Defendants further admit that Zydus USA filed a complaint in *Zydus Pharms. (USA) Inc. v. Novartis Pharms. Co.*, No. 2:19-cv-21259 (D.N.J.) and in *Zydus Pharms.*

*USA, Inc. v. Eli Lilly & Co.*, 2:10-cv-05584 (D.N.J.). Defendants deny all other allegations in paragraph 18.

19. Alternatively, assuming that the above facts do not establish personal jurisdiction over Zydus Ltd., this Court may exercise jurisdiction over Zydus Ltd. pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Zydus Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Zydus Ltd. has sufficient contacts with the United States as a whole, including but not limited to manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Zydus Ltd. satisfies due process.

**ANSWER**: The allegations in paragraph 19 state legal conclusions to which no answer is required. To the extent an answer is required, Zydus Lifesciences does not contest personal jurisdiction in this Court solely for the limited purpose of Plaintiffs' claims against Zydus Lifesciences in this case and solely as they apply to the Proposed ANDA Product. Defendants admit that the Complaint purports to be a civil action alleging infringement of the Patents-in-Suit. Defendants further admit that Zydus Lifesciences is an entity organized and existing under the laws of India with its principal place of business in India. Defendants admit that Zydus USA sells pharmaceutical products, including generic pharmaceutical products manufactured by Zydus Lifesciences, in the United States. Defendants deny all other allegations in paragraph 19.

20. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER**: The allegations in paragraph 20 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not contest venue in this Court solely for the limited purpose of Plaintiffs' claims against Defendants in this case and solely as they apply to the Proposed ANDA Product. Defendants deny all other allegations in paragraph 20.

21. Venue is proper in this judicial district for Zydus USA Inc. because, among other things, on information and belief, Zydus USA Inc. is a New Jersey corporation having a principal place of business in New Jersey.

**ANSWER**: The allegations in paragraph 21 state legal conclusions to which no answer is required. To the extent an answer is required, Zydus USA does not contest venue in this Court solely for the limited purpose of Plaintiffs' claims against Zydus USA in this case and solely as they apply to the Proposed ANDA Product. Defendants admit that Zydus USA is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business in New Jersey. Defendants deny all other allegations in paragraph 21.

22. Venue is proper in this judicial district for Zydus Ltd. because, among other things, Zydus Ltd. is a foreign corporation not residing in any United States district and may be sued in any judicial district.

**ANSWER**: The allegations in paragraph 22 state legal conclusions to which no answer is required. To the extent an answer is required, Zydus Lifesciences does not contest venue in this Court solely for the limited purpose of Plaintiffs' claims against Zydus Lifesciences in this case and solely as they apply to the Proposed ANDA Product. Defendants admit that Zydus Lifesciences is an entity organized and existing under the laws of India and that Zydus Lifesciences has a principal place of business in India. Defendants deny all other allegations in paragraph 22.

23. Venue is further proper as to Zydus because, among other things, Zydus has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture and/or market MOTPOLY XR™ for sale and use throughout the United States, including within the State of New Jersey.

**ANSWER**: The allegations in paragraph 23 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not contest venue in this Court solely for the limited purpose of Plaintiffs' claims against Defendants in this case and solely as they apply to the Proposed ANDA Product. Defendants deny that they have infringed or will infringe the Patents-in-Suit. Defendants deny all other allegations in paragraph 23.

## THE MOTPOLY XR™ NDA

24. Aucta holds NDA No. 216185 for MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg.

**ANSWER**: Defendants admit that the FDA's Orange Book lists "AUCTA PHARMACEUTICALS INC" as Applicant holder, "MOTPOLY XR" as Proprietary Name, "LACOSAMIDE" as Active Ingredient, "100MG," "150MG," and "200MG" as Strengths, and "CAPSULE, EXTENDED RELEASE" as Dosage Form in connection with NDA No. 216185. Defendants deny all other allegations in paragraph 24.

25. MOTPOLY XR™ is a prescription pharmaceutical product containing lacosamide in an extended-release dosage form.

**ANSWER**: Defendants admit that the FDA's Orange Book lists "LACOSAMIDE" as the active ingredient, "MOTPOLY XR" as Proprietary Name, and "CAPSULE, EXTENDED RELEASE" as Dosage Form in connection with NDA No. 216185. Defendants deny all other allegations in paragraph 25.

## THE PATENTS-IN-SUIT

26. On May 24, 2022, the '943 patent, entitled "Lacosamide Pharmaceutical Composition and Dosage Form Thereof," was duly and legally issued to Shanghai Aucta. A true and correct copy of the '943 patent is attached hereto as Exhibit A.

**ANSWER**: The allegations in paragraph 26 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit, on information and belief, that what purports to be a copy of the '943 patent is attached to Plaintiffs' Complaint as Exhibit A. Defendants further admit that Exhibit A is titled "Lacosamide Pharmaceutical Composition and Dosage Form Thereof" and lists May 24, 2022 as the "Date of Patent" and "Shanghai Aucta Pharmaceuticals Co., Ltd." as the assignee. Defendants deny all other allegations in paragraph 26.

27. On January 30, 2024, the ’374 patent, entitled “Lacosamide Pharmaceutical Composition and Dosage Form Thereof,” was duly and legally issued to Shanghai Aucta. A true and correct copy of the ’374 patent is attached hereto as Exhibit B.

**ANSWER**: The allegations in paragraph 27 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit, on information and belief, that what purports to be a copy of the ’374 patent is attached to Plaintiffs’ Complaint as Exhibit B. Defendants further admit that Exhibit B is titled “Lacosamide Pharmaceutical Composition and Dosage Form Thereof” and lists January 30, 2024 as the “Date of Patent” and “SHANGHAI AUCTA PHARMACEUTICALS CO., LTD.” as the assignee. Defendants deny all other allegations in paragraph 27.

28. On July 23, 2024, the ’474 patent, entitled “Lacosamide Pharmaceutical Composition and Dosage Form Thereof,” was duly and legally issued to Shanghai Aucta. A true and correct copy of the ’474 patent is attached hereto as Exhibit C.

**ANSWER**: The allegations in paragraph 28 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit, on information and belief, that what purports to be a copy of the ’474 patent is attached to Plaintiffs’ Complaint as Exhibit C. Defendants further admit that Exhibit C is titled “Lacosamide Pharmaceutical Composition and Dosage Form Thereof” and lists July 23, 2024 as the “Date of Patent” and “SHANGHAI AUCTA PHARMACEUTICALS CO., LTD.” as the assignee. Defendants deny all other allegations in paragraph 28.

29. In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the Patents-in-Suit are listed in the Orange Book for MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg.

**ANSWER**: The allegations in paragraph 29 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that FDA’s Orange Book lists the Patents-in-Suit, “MOTPOLY XR” as the Proprietary Name, “LACOSAMIDE” as Active Ingredient, “100MG,” “150MG,” and “200MG” as Strengths, and “CAPSULE, EXTENDED

RELEASE" as Dosage Form in connection with NDA No. 216185. Defendants deny all other allegations in paragraph 29.

30. The Patents-in-Suit are valid, enforceable, and have not expired.

**ANSWER**: The allegations in paragraph 30 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that FDA's Orange Book lists the Patents-in-Suit in connection with NDA No. 216185 with an expiration date of June 5, 2040. Defendants deny all other allegations in paragraph 30.

**ACTS GIVING RISE TO THE PATENT INFRINGEMENT COUNTS**

31. By a letter dated February 10, 2026 (the "Zydus Notice Letter"), Zydus advised Plaintiffs that Zydus had submitted ANDA No. 220959 to the FDA to obtain approval to engage in the commercial manufacture, use, sale, or importation of lacosamide extended-release capsules, 200 mg.

**ANSWER**: Defendants admit that Zydus USA sent a letter dated February 10, 2026 to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B), Section 505(j)(2)(B) of the Food, Drug and Cosmetic Act with respect to the Patents-in-Suit ("Zydus USA's Notice Letter"). Defendants further admit that Zydus USA's Notice Letter states: "Pursuant to 21 U.S.C. § 355(j)(2)(B), Section 505(j)(2)(B) of the Food, Drug and Cosmetic Act, you are hereby notified that [Zydus USA] has submitted to the [FDA] under 21 U.S.C. § 355(j) Abbreviated New Drug Application No. 220959 . . . to obtain approval to engage in the commercial manufacture, use, sale, or importation of lacosamide extended-release capsules, 200 mg." Defendants deny all other allegations in paragraph 31.

32. The Zydus Notice Letter further advised Plaintiffs that Zydus had amended ANDA No. 220959 to obtain approval to engage in the commercial manufacture, use, sale, or importation of lacosamide extended-release capsules, 100 mg and 150 mg (together with lacosamide extended-release capsules, 200 mg, "Zydus's Proposed ANDA Product") prior to the expiration of the Patents-in-Suit.

**ANSWER**: Defendants admit that Zydus USA's Notice Letter states: "[Zydus USA] has also amended [Zydus USA's] ANDA to obtain approval to engage in the commercial manufacture, use, sale, or importation of lacosamide extended-release capsules, 100 mg and 150 mg." Defendants further admit that Zydus USA's Notice Letter states: "[Zydus USA's] ANDA . . . includes a [Paragraph IV Certification] with respect to [the Patents-in-Suit]." Defendants deny all other allegations in paragraph 32.

33. On information and belief, Zydus submitted ANDA No. 220959 to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's Proposed ANDA Product as a generic version of MOTPOLY XR™.

**ANSWER**: Defendants admit that Zydus submitted ANDA No. 220959 to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Proposed ANDA Product in or into the United States and that ANDA No. 220959 identifies MOTPOLY XR™ (lacosamide) extended-release capsules 100 mg, 150 mg, and 200 mg, as the Reference Listed Drug. Defendants deny all other allegations in paragraph 33.

34. The Zydus Notice Letter further advised Plaintiffs that Zydus's ANDA submission included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") with respect to the Patents-in-Suit.

**ANSWER**: Defendants admit that Zydus USA's Notice Letter states: "[Zydus USA's] ANDA . . . includes a [Paragraph IV Certification] with respect to [the Patents-in-Suit]." Defendants deny all other allegations in paragraph 34.

35. There is an actual, real, immediate, and justiciable controversy between Plaintiffs and Zydus regarding the infringement, validity, and enforceability of the Patents-in-Suit.

**ANSWER**: The allegations in paragraph 35 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Plaintiffs' Complaint

against Defendants purports to be a civil action alleging infringement of the Patents-in-Suit. Defendants deny all other allegations in paragraph 35.

36. On information and belief, following FDA approval of ANDA No. 220959, Zydus will act in concert to make, use, offer to sell, or sell Zydus's Proposed ANDA Product throughout the United States, including New Jersey, or import such a generic product into the United States.

**ANSWER**: The allegations in paragraph 36 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Zydus USA submitted ANDA No. 220959 to FDA seeking approval to engage in the commercial manufacture, use, sale, or offer to sell within, and/or importation of the Proposed ANDA Product in or into the United States. Defendants deny all other allegations in paragraph 36.

37. On information and belief, following FDA approval of ANDA No. 220959, Zydus intends to directly benefit from sales of Zydus's Proposed ANDA Product.

**ANSWER**: Defendants admit that Zydus USA submitted ANDA No. 220959 to FDA seeking approval to engage in the commercial manufacture, use, sale, or offer to sell within, and/or importation of the Proposed ANDA Product in or into the United States. Defendants further admit that Zydus USA is a wholly owned subsidiary of Zydus Lifesciences. Defendants deny all other allegations in paragraph 37.

38. Plaintiffs are commencing this action within 45 days of receiving the Zydus Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

**ANSWER**: The allegations in paragraph 38 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Aucta received Zydus USA's Notice Letter on February 11, 2026, that Shanghai Aucta received Zydus USA's Notice Letter on February 13, 2026, and that Plaintiffs filed their Complaint on March 23, 2026. Defendants deny all other allegations in paragraph 38.

**COUNT I (Infringement of the '943 Patent)**

39. Plaintiffs incorporate each of the preceding paragraphs 1 to 38 as if fully set forth herein.

**ANSWER**: Defendants restate and reallege their answers to each of the preceding paragraphs 1-38 as if fully set forth herein.

40. By submitting ANDA No. 220959 to the FDA to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's Proposed ANDA Product throughout the United States, including New Jersey, prior to expiration of the '943 patent, Zydus committed an act of infringement of the '943 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: Denied.

41. On information and belief, Zydus's Proposed ANDA Product, if approved by the FDA, will contain lacosamide in an extended-release dosage form, which will constitute infringement of claims of the '943 patent.

**ANSWER**: Denied.

42. On information and belief, Zydus's manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed ANDA Product prior to the expiration of the '943 patent, including any applicable exclusivities or extensions, will directly infringe one or more claims of the '943 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, Zydus will also indirectly infringe one or more of the claims of the '943 patent under 35 U.S.C. § 271(b) and/or 271(c). Zydus will infringe one or more claims of the '943 patent.

**ANSWER**: Denied.

43. On information and belief, Zydus's Proposed ANDA Product will infringe at least Claim 1 of the '943 patent which recites:

> 1. A dosage form of lacosamide or a pharmaceutically acceptable salt thereof, comprising:
>
> (a) an extended release portion, comprising:
>
> i. a core comprising lacosamide or a pharmaceutically acceptable salt thereof, and
>
> ii. an extended release layer enclosing the core, wherein the extended release layer is free from lacosamide or a pharmaceutically acceptable salt thereof and comprises an extended release agent which is pH independent;

wherein the core is free from the extended release agent, and

(b) an immediate release portion of lacosamide or a pharmaceutically acceptable salt thereof, wherein the lacosamide or a pharmaceutically acceptable salt thereof of the immediate release portion ranges from about 5% to about 30% by weigh in the total amount of lacosamide or a pharmaceutically acceptable salt thereof in the dosage form;

wherein the immediate release portion encloses the extended release portion to form a particulate, and wherein the dosage form comprises a plurality of the particulates;

wherein the lacosamide or a pharmaceutically acceptable salt thereof in the dosage form has an in-vitro dissolution according to the following:

(a) less than about 20% in 1 hour;

(b) about 20%-80% in 4 hours; and

(c) more than about 80% in 12 hours; wherein the dissolution is determined using a USP type 1 dissolution system (Basket Apparatus) at 100 rpm and a temperature of 37±0.5° C. in 900 ml of pH 6.8 phosphate buffer for 12 hours;

wherein the dosage form when orally administered once daily achieves more than 90% of the AUC(0-inf) of an immediate released reference lacosamide administered to the subject in fasting condition, and wherein the daily dosage of the dosage form is the same as the daily dosage of the immediate released reference lacosamide.

**ANSWER**: Denied.

44. On information and belief, Zydus's Proposed ANDA Product will infringe at least Claim 1 of the '943 patent because Zydus's Proposed ANDA Product is a lacosamide extended-release capsule dosage form that meets each and every limitation of Claim 1 of the '943 patent, either literally or under the doctrine of equivalents.

**ANSWER**: Denied.

45. On information and belief, Zydus was aware of the existence of the '943 patent and its listing in the Orange Book as demonstrated by Zydus's reference to the '943 patent in the Zydus Notice Letter.

**ANSWER**: Defendants admit that the '943 patent is listed in the Orange Book and that ANDA No. 220959 includes a Paragraph IV Certification with respect to the '943 patent. Defendants deny all other allegations in paragraph 45.

46. On information and belief, Zydus copied the claimed invention of the '943 patent.

**ANSWER**: Denied.

47. On information and belief, Zydus knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's Proposed ANDA Product prior to patent expiry will infringe one or more claims of the '943 patent.

**ANSWER**: Denied.

48. On information and belief, Zydus's statement of the factual and legal bases for its opinions regarding non-infringement and/or invalidity of the '943 patent is devoid of an objective good faith basis in either the facts or the law. This case is exceptional.

**ANSWER**: Denied.

49. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER**: Denied.

**COUNT II (Infringement of the '374 Patent)**

50. Plaintiffs incorporate each of the preceding paragraphs 1 to 49 as if fully set forth herein.

**ANSWER**: Defendants restate and reallege their answers to each of the preceding paragraphs 1-49 as if fully set forth herein.

51. By submitting ANDA No. 220959 to the FDA to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's Proposed ANDA Product throughout the United States, including New Jersey, prior to expiration of the '374 patent, Zydus committed an act of infringement of the '374 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: Denied.

52. On information and belief, Zydus's Proposed ANDA Product, if approved by the FDA, will contain lacosamide in an extended-release dosage form, which will constitute infringement of claims of the '374 patent.

**ANSWER**: Denied.

53. On information and belief, Zydus's manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed ANDA Product prior to the expiration of

the ’374 patent, including any applicable exclusivities or extensions, will directly infringe one or more claims of the ’374 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, Zydus will also indirectly infringe one or more of the claims of the ’374 patent under 35 U.S.C. § 271(b) and/or 271(c). Zydus will infringe one or more claims of the ’374 patent.

**ANSWER**: Denied.

54. On information and belief, Zydus’s Proposed ANDA Product will infringe at least Claim 1 of the ’374 patent which recites:

> 1. A dosage form of lacosamide or a pharmaceutically acceptable salt thereof, comprising:
>
> (a) a first plurality of the particulates, each comprising
>
> i. a core comprising lacosamide or a pharmaceutically acceptable salt thereof, and
>
> ii. an extended release layer enclosing the core, wherein the extended release layer is free from lacosamide or a pharmaceutically acceptable salt thereof and comprises an extended release agent which is pH independent; wherein the core is free from the extended release agent, and
>
> (b) an immediate release portion of lacosamide or a pharmaceutically acceptable salt thereof in the form of a second plurality of particulates, wherein the lacosamide or the pharmaceutically acceptable salt thereof of the immediate release portion ranges from about 5% to about 30% by weigh in the total amount of the lacosamide or the pharmaceutically acceptable salt thereof in the dosage form, wherein the dosage form is configured to have an in-vitro dissolution according to the following:
>
> (a) less than about 20% in 1 hour;
>
> (b) about 20%-80% in 4 hours; and
>
> (c) more than about 80% in 12 hours; wherein the dissolution is determined using a USP type 1 dissolution system (Basket Apparatus) at 100 rpm and a temperature of 37±0.5° C. in 900 ml of pH 6.8 phosphate buffer for 12 hours.

**ANSWER**: Denied

55. On information and belief, Zydus’s Proposed ANDA Product will infringe at least Claim 1 of the ’374 patent because Zydus’s Proposed ANDA Product is a lacosamide extended-release capsule dosage form that meets each and every limitation of Claim 1 of the ’374 patent, either literally or under the doctrine of equivalents.

**ANSWER**: Denied

56. On information and belief, Zydus was aware of the existence of the ’374 patent and its listing in the Orange Book as demonstrated by Zydus’s reference to the ’374 patent in the Zydus Notice Letter.

**ANSWER**: Defendants admit that the ’374 patent is listed in the Orange Book and that ANDA No. 220959 includes a Paragraph IV Certification with respect to the ’374 patent. Defendants deny all other allegations in paragraph 56.

57. On information and belief, Zydus copied the claimed invention of the ’374 patent.

**ANSWER**: Denied.

58. On information and belief, Zydus knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Zydus’s Proposed ANDA Product prior to patent expiry will infringe one or more claims of the ’374 patent.

**ANSWER**: Denied

59. On information and belief, Zydus’s statement of the factual and legal bases for its opinions regarding non-infringement and/or invalidity of the ’374 patent is devoid of an objective good faith basis in either the facts or the law. This case is exceptional.

**ANSWER**: Denied.

60. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER**: Denied.

**COUNT III (Infringement of the ’474 Patent)**

61. Plaintiffs incorporate each of the preceding paragraphs 1 to 60 as if fully set forth herein.

**ANSWER**: Defendants restate and reallege their answers to each of the preceding paragraphs 1-60 as if fully set forth herein.

62. By submitting ANDA No. 220959 to the FDA to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus’s Proposed ANDA Product throughout the United States, including New Jersey, prior to expiration of the ’474 patent, Zydus committed an act of infringement of the ’474 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: Denied

63. On information and belief, Zydus's Proposed ANDA Product, if approved by the FDA, will contain lacosamide in an extended-release dosage form, which will constitute infringement of claims of the '474 patent.

**ANSWER**: Denied.

64. On information and belief, Zydus's manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed ANDA Product prior to the expiration of the '474 patent, including any applicable exclusivities or extensions, will directly infringe one or more claims of the '474 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, Zydus will also indirectly infringe one or more of the claims of the '474 patent under 35 U.S.C. § 271(b) and/or 271(c). Zydus will infringe one or more claims of the '474 patent.

**ANSWER**: Denied.

65. On information and belief, Zydus's Proposed ANDA Product will infringe at least Claim 1 of the '474 patent which recites:

> 1. A dosage form of lacosamide comprising:
>
> an extended release (ER) portion comprising one or more extended release agents and a first portion of lacosamide or a pharmaceutically acceptable salt thereof, wherein the first portion of lacosamide or a pharmaceutically acceptable salt thereof and the one or more extended release agents are in a ratio ranging from about 15:1 to about 1:1 by weight, and
>
> an immediate release (IR) portion comprising a second portion of lacosamide or a pharmaceutically acceptable salt thereof, wherein the total amount of lacosamide or a pharmaceutically acceptable salt thereof is at least 20% by weight in the dosage form;
>
> wherein the dosage form is configured so that, when administered orally once a day, is characterized by one or more of the following:
>
> (a) AUC0-3h is equal or more than 40% of a reference AUC0-3h resulting from a reference IR dosage form administered twice a day, wherein the amount of lacosamide or a pharmaceutically acceptable salt thereof in the reference IR dosage form is the same as the total amount of lacosamide or a pharmaceutically acceptable salt thereof in the dosage form;
>
> (b) AUC0-6h is equal or more than 60% of a reference AUC0-6h resulting from the reference IR dosage form administered twice a day; and
>
> (c) AUC12-24h ranging from about 80% to 125% of a reference AUC12-24h resulting from the reference IR dosage form administered twice a day.

**ANSWER**: Denied.

66. On information and belief, Zydus's Proposed ANDA Product will infringe at least Claim 1 of the '474 patent because Zydus's Proposed ANDA Product is a lacosamide extended-release capsule dosage form that meets each and every limitation of Claim 1 of the '474 patent, either literally or under the doctrine of equivalents.

**ANSWER**: Denied.

67. On information and belief, Zydus was aware of the existence of the '474 patent and its listing in the Orange Book as demonstrated by Zydus's reference to the '474 patent in the Zydus Notice Letter.

**ANSWER**: Defendants admit that the '474 patent is listed in the Orange Book and that ANDA No. 220959 includes a Paragraph IV Certification with respect to the '474 patent. Defendants deny all other allegations in paragraph 67.

68. On information and belief, Zydus copied the claimed invention of the '474 patent.

**ANSWER**: Denied.

69. On information and belief, Zydus knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's Proposed ANDA Product prior to patent expiry will infringe one or more claims of the '474 patent.

**ANSWER**: Denied

70. On information and belief, Zydus's statement of the factual and legal bases for its opinions regarding non-infringement and/or invalidity of the '474 patent is devoid of an objective good faith basis in either the facts or the law. This case is exceptional.

**ANSWER**: Denied.

71. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER**: Denied.

## PRAYER FOR RELIEF

Defendants specifically deny that Plaintiffs are entitled to the general or specific relief requested against Defendants, or to any relief whatsoever, and pray for judgment in favor of Defendants dismissing this action with prejudice, and awarding Defendants their reasonable attorneys' fees pursuant to 35 U.S.C. § 285, interest, and costs of this action, and such other or further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in their Answer and without admitting any allegations of the Complaint not otherwise admitted, Defendants aver and assert the following Affirmative Defenses to Plaintiffs' Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 11,337,943)

Plaintiffs will not and cannot meet the burden of proof required to show that the submission of Zydus USA's ANDA No. 220959 and/or the commercial importation, manufacture, use, offer to sell, and/or sale of the Proposed ANDA Product in or into the United States will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '943 patent.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 11,337,943)

Upon information and belief, the claims of the '943 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112, and/or obviousness-type double patenting.

**THIRD AFFIRMATIVE DEFENSE**
**(Noninfringement of U.S. Patent No. 11,883,374)**

Plaintiffs will not and cannot meet the burden of proof required to show that the submission of Zydus USA's ANDA No. 220959 and/or the commercial importation, manufacture, use, offer to sell, and/or sale of the Proposed ANDA Product in or into the United States will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '374 patent.

**FOURTH AFFIRMATIVE DEFENSE**
**(Invalidity of U.S. Patent No. 11,883,374)**

Upon information and belief, the claims of the '374 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112, and/or obviousness-type double patenting.

**FIFTH AFFIRMATIVE DEFENSE**
**(Noninfringement of U.S. Patent No. 12,042,474)**

Plaintiffs will not and cannot meet the burden of proof required to show that the submission of Zydus USA's ANDA No. 220959 and/or the commercial importation, manufacture, use, offer to sell, and/or sale of the Proposed ANDA Product in or into the United States will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '474 patent.

**SIXTH AFFIRMATIVE DEFENSE**
**(Invalidity of U.S. Patent No. 12,042,474)**

Upon information and belief, the claims of the '474 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112, and/or obviousness-type double patenting.

## COUNTERCLAIMS

Defendants/Counterclaimants Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") and Zydus Lifesciences Limited ("Zydus Lifesciences") (collectively, "Counterclaimants"), by their attorneys, allege the following counterclaims against Plaintiffs/Counterclaim Defendants Shanghai Aucta Pharmaceuticals Co. Ltd. ("Shanghai Aucta") and Aucta Pharmaceuticals, Inc. ("Aucta") (collectively, "Plaintiffs" or "Counterclaim Defendants").

## PARTIES

1. Zydus USA is an entity organized and existing under the laws of the State of New Jersey with its primary place of business at 73 Route 31 North, Pennington, New Jersey 08534.

2. Zydus Lifesciences is an entity organized and existing under the laws of India, with its principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad 382481, India.

3. Upon information and belief, Shanghai Aucta is a company organized and existing under the laws of China, having a principal place of business at Building 10, 100 Banxia Road, SIMZ, Pudong, Shanghai, 201318, China.

4. Upon information and belief, Aucta is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 71 Suttons Lane; Piscataway, New Jersey 08854.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, 35 U.S.C. § 1 *et seq*., 21 U.S.C. § 355(j)(5)(C)(i) and 35 U.S.C. § 271(e)(5).

6. This Court has personal jurisdiction over the Counterclaim Defendants because the Counterclaim Defendants commenced and continue to maintain this action against Counterclaimants in this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), 21 U.S.C. § 355(j)(5)(C)(i)(II) and because Counterclaim Defendants commenced and continue to maintain this action against Counterclaimants in this judicial district.

**REGULATORY FRAMEWORK**

8. Under the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, as amended by the Drug Price Competition and Patent Term Restoration Act, Pub. L. No. 98-417, 98 Stat. 1585 (1984) (codified as amended at 21 U.S.C. § 355 and 35 U.S.C. § 271) (the "Hatch-Waxman Act"), and the Medicare Prescription Drug, Improvement, and Modernization Act, Pub. L. No. 108-173, 117 Stat. 2066 (2003) (codified as amended at 21 U.S.C. § 355 and 35 U.S.C. § 271), a pharmaceutical company seeking approval from the U.S. Food and Drug Administration ("FDA") to sell a new drug must file a New Drug Application ("NDA"), which includes specific data concerning the safety and effectiveness of the drug referenced in the NDA, i.e., the reference-listed drug or RLD.

9. The Hatch-Waxman Act provides that NDA holders shall submit to FDA the patent number and expiration date of any patent that the NDA holder believes "claims the drug for which the applicant submitted the [NDA] . . . which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner of the patent engaged in the manufacture, use, or sale of the drug." 21 U.S.C. § 355(b)(1). FDA lists the patent number(s) and expiration date(s) in its publication entitled *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book").

**ORANGE BOOK LISTED PATENTS FOR MOTPOLY XR™**

10. Upon information and belief, Counterclaim Defendant Aucta is the holder of NDA No. 216185 for MOTPOLY XR™ (lacosamide), extended-release capsules, 100 mg, 150 mg, and 200 mg.

11. United States Patent No. 11,337,943 ("the '943 patent"), titled "Lacosamide Pharmaceutical Composition and Dosage Form Thereof"—a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit A—was issued on May 24, 2022. According to the United States Patent and Trademark Office's ("USPTO") Patent Assignment Search database, Reel/Frame No. 57183/0165, the '943 patent is assigned to Shanghai Aucta Pharmaceuticals Co. Ltd. FDA's Orange Book lists the expiration date of the '943 patent as June 5, 2040.

12. Upon information and belief, Counterclaim Defendants submitted the '943 patent to FDA for listing in FDA's Orange Book concerning NDA No. 216185 for MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg. Accordingly, Counterclaim Defendants maintain and have affirmatively represented that the '943 patent claims the approved drug MOTPOLY XR™ or a method of using that drug. Therefore, any ANDA applicant, including Zydus USA, attempting to sell lacosamide extended-release capsules before the expiration of the '943 patent has a reasonable apprehension of suit with respect to the '943 patent.

13. United States Patent No. 11,883,374 ("the '374 patent"), titled "Lacosamide Pharmaceutical Composition and Dosage Form Thereof"—a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit B—was issued on January 30, 2024. According to the USPTO Patent Assignment Search database, Reel/Frame No. 65658/0224, the

’374 patent is assigned to Shanghai Aucta Pharmaceuticals Co. Ltd. FDA’s Orange Book lists the expiration date of the ’374 patent as June 5, 2040.

14. Upon information and belief, Counterclaim Defendants submitted the ’374 patent to FDA for listing in FDA’s Orange Book concerning NDA No. 216185 for MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg. Accordingly, Counterclaim Defendants maintain and have affirmatively represented that the ’374 patent claims the approved drug MOTPOLY XR™ or a method of using that drug. Therefore, any ANDA applicant, including Zydus USA, attempting to sell lacosamide extended-release capsules before the expiration of the ’374 patent has a reasonable apprehension of suit with respect to the ’374 patent.

15. United States Patent No. 12,042,474 (“the ’474 patent”), titled “Lacosamide Pharmaceutical Composition and Dosage Form Thereof”—a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit C—was issued on July 23, 2024. According to the USPTO Patent Assignment Search database, Reel/Frame No. 65703/0818, the ’474 patent is assigned to Shanghai Aucta Pharmaceuticals Co. Ltd. FDA’s Orange Book lists the expiration date of the ’474 patent as June 5, 2040.

16. Upon information and belief, Counterclaim Defendants submitted the ’474 patent to FDA for listing in FDA’s Orange Book concerning NDA No. 216185 for MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg. Accordingly, Counterclaim Defendants maintain and have affirmatively represented that the ’474 patent claims the approved drug MOTPOLY XR™ or a method of using that drug. Therefore, any ANDA applicant, including Zydus USA, attempting to sell lacosamide extended-release capsules before the expiration of the ’474 patent has a reasonable apprehension of suit with respect to the ’474 patent.

## ZYDUS USA'S ANDA

17. On December 26, 2025, Zydus USA submitted ANDA No. 220959 to FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of lacosamide extended-release capsules 200 mg.

18. On February 10, 2026, Zydus USA amended ANDA No. 220959 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of lacosamide extended-release capsules, 100 mg and 150 mg.

19. Because Zydus USA seeks FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the proposed product described in ANDA No. 220959 ("the Proposed ANDA Product") before the expiration of the '943, '374, and '474 patents, ANDA No. 220959 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") with respect to the '943, '374, and '474 patents.

20. Zydus USA sent a letter dated February 10, 2026 ("Zydus USA's Notice Letter"), notifying Counterclaim Defendants that Zydus USA submitted ANDA No. 220959 to FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Proposed ANDA Product, and that ANDA No. 220959 includes a Paragraph IV Certification with respect to the '943, '374, and '474 patents.

21. In Zydus USA's Notice Letter, Zydus USA included a statement of the factual and legal bases in support of Zydus USA's Paragraph IV Certification for the '943, '374, and '474 patents.

**COUNT I**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 11,337,943)**

22. Counterclaimants repeat and reallege the allegations in paragraphs 1-21 above as though fully set forth herein.

23. By asserting its claim against Counterclaimants for infringement of the ’943 patent, Counterclaim Defendants have created a case or controversy regarding the noninfringement of the of the ’943 patent.

24. The submission of Zydus USA’s ANDA No. 220959 and/or the commercial manufacture, use, offer for sale, sale, and/or importation in or into the United States of the Proposed ANDA Product would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the ’943 patent.

**COUNT II**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 11,337,943)**

25. Counterclaimants repeat and reallege the allegations in paragraphs 1-24 above as though fully set forth herein.

26. By asserting its claim against Counterclaimants for infringement of the ’943 patent, Counterclaim Defendants have created a case or controversy regarding the validity of the ’943 patent for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112, and/or obviousness-type double patenting.

27. The claims of the ’943 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112, and/or obviousness-type double patenting.

**COUNT III**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 11,883,374)**

28. Counterclaimants repeat and reallege the allegations in paragraphs 1-27 above as though fully set forth herein.

29. By asserting its claim against Counterclaimants for infringement of the ’374 patent, Counterclaim Defendants have created a case or controversy regarding the noninfringement of the of the ’374 patent.

30. The submission of Zydus USA’s ANDA No. 220959 and/or the commercial manufacture, use, offer for sale, sale, and/or importation in or into the United States of the Proposed ANDA Product would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the ’374 patent.

**COUNT IV**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 11,883,374)**

31. Counterclaimants repeat and reallege the allegations in paragraphs 1-30 above as though fully set forth herein.

32. By asserting its claim against Counterclaimants for infringement of the ’374 patent, Counterclaim Defendants have created a case or controversy regarding the validity of the ’374 patent for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112, and/or obviousness-type double patenting.

33. The claims of the ’374 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112, and/or obviousness-type double patenting.

**COUNT V**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 12,042,474)**

34. Counterclaimants repeat and reallege the allegations in paragraphs 1-33 above as though fully set forth herein.

35. By asserting its claim against Counterclaimants for infringement of the ’474 patent, Counterclaim Defendants have created a case or controversy regarding the noninfringement of the of the ’474 patent.

36. The submission of Zydus USA’s ANDA No. 220959 and/or the commercial manufacture, use, offer for sale, sale, and/or importation in or into the United States of the Proposed ANDA Product would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the ’474 patent.

**COUNT VI**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 12,042,474)**

37. Counterclaimants repeat and reallege the allegations in paragraphs 1-36 above as though fully set forth herein.

38. By asserting its claim against Counterclaimants for infringement of the ’474 patent, Counterclaim Defendants have created a case or controversy regarding the validity of the ’474 patent for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112, and/or obviousness-type double patenting.

39. The claims of the ’474 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112, and/or obviousness-type double patenting.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants respectfully request that the Court enter judgment against Counterclaim Defendants as follows:

A. A declaration that Counterclaimants have not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the ’943, ’374, and ’474 patents.

B. A declaration that the claims of the ’943, ’374, and ’474 patents are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103 and/or 112, and/or obviousness-type double patenting;

C. A declaration that Counterclaim Defendants take nothing by their Complaint;

D. A dismissal of Counterclaim Defendants’ Complaint with prejudice;

E. An award to Counterclaimants of their reasonable costs and attorneys’ fees incurred in this action pursuant to 35 U.S.C. § 285; and

F. An award of any other and further relief that this Court may deem just and proper.

Dated: June 1, 2026

By: *s/ Theodora McCormick*
Theodora McCormick
Lauren B. Cooper
Alec Wong
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
281 Witherspoon Street
3rd Floor
Princeton, NJ 08540
Telephone: (609) 490-4860
tmccormick@bakerdonelson.com
lcooper@bakerdonelson.com
twong@bakerdonelson.com

*Of Counsel:*
Michael J. Gaertner (to be admitted *pro hac vice*)
David B. Abramowitz (to be admitted *pro hac vice*)
Carolyn A. Blessing (to be admitted *pro hac vice*)
Jacob C. Britz (to be admitted *pro hac vice*)
**BUCHANAN INGERSOLL & ROONEY PC**
150 N. Riverside Plaza
Suite 2800
Chicago, IL 60606
Telephone: (312) 261-8777
michael.gaertner@bipc.com
david.abramowitz@bipc.com
carolyn.blessing@bipc.com
jacob.britz@bipc.com

*Attorneys for Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited.*

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2 and 40.1, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding. Defendants are not aware of any action pending in any court or any pending arbitration or administrative proceeding related to this matter.

Dated: June 1, 2026

By: *s/ Theodora McCormick*
Theodora McCormick

## LOCAL CIVIL RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the parties seek, inter alia, declaratory relief in their respective pleadings.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated: June 1, 2026

By: *s/ Theodora McCormick*
Theodora McCormick

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a copy of Defendants' Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Complaint was filed via ECF and served on all counsel of record by electronic mail on June 1, 2026.

Dated: June 1, 2026

By: *s/ Theodora McCormick*
Theodora McCormick