**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SHANGHAI AUCTA PHARMACEUTICALS CO. LTD.; AUCTA PHARMACEUTICALS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC.; ZYDUS LIFESCIENCES LTD.,<br><br>Defendants. | ) | Civil Action No. 1:26-02954 (ESK)(MJS) |

**PLAINTIFFS' ANSWER AND DEFENSES TO THE COUNTERCLAIMS OF ZYDUS PHARMACEUTICALS (USA) INC. AND ZYDUS LIFESCIENCES LIMITED**

Plaintiffs/Counterclaim Defendants Shanghai Aucta Pharmaceuticals Co. Ltd. and Aucta Pharmaceuticals, Inc. (collectively, "Plaintiffs") hereby respond to the Counterclaims (Dkt. 9 at 24-32, "Counterclaims") of Defendants/Counterclaimants Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") and Zydus Lifesciences Limited ("Zydus Lifesciences") (collectively, "Zydus") as follows:

Plaintiffs repeat and incorporate by reference each of the paragraphs of Plaintiffs' Complaint for Patent Infringement (Dkt. 1) to which Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited's Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Complaint (Dkt. 9) purports to respond.

**GENERAL DENIAL**

Any allegation in the Counterclaims not expressly admitted by Plaintiffs is hereby denied. Plaintiffs deny that Zydus is entitled to the relief requested in its Prayer for Relief or to any relief

whatsoever. Any headings in the Counterclaims are copied herein for convenience only, and any allegations in such headings are denied.

## PARTIES

1. Admitted on information and belief.

2. Admitted on information and belief.

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. Paragraph No. 5 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that this Court has subject matter jurisdiction over the Counterclaims.

6. Paragraph No. 6 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs for purposes of this action only.

7. Paragraph No. 7 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit venue is proper in this judicial district for purposes of this action only.

## REGULATORY FRAMEWORK

8. Paragraph No. 8 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs refer to the Federal Food, Drug, and Cosmetic Act, the Hatch-Waxman Act, and the Medicare Prescription Drug, Improvement, and Modernization Act for the contents thereof. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 8.

9. Paragraph No. 9 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs refer to 21 U.S.C. § 355(b)(1) and FDA's Orange Book for the contents thereof. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 9.

**ORANGE BOOK LISTED PATENTS FOR MOTPOLY XR™**

10. Admitted.

11. Plaintiffs admit that United States Patent No. 11,337,943 (the "'943 patent") is titled "Lacosamide Pharmaceutical Composition and Dosage Form Thereof," was issued on May 24, 2022, is assigned to Shanghai Aucta Pharmaceuticals Co. Ltd., that a copy of the '943 patent was attached to Plaintiffs' Complaint as Exhibit A, and that FDA's Orange Book lists the expiration date of the '943 patent as June 5, 2040. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 11.

12. Paragraph No. 12 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that the '943 patent is listed in FDA's Orange Book in connection with NDA No. 216185 for MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 12.

13. Plaintiffs admit that United States Patent No. 11,883,374 (the "'374 patent") is titled "Lacosamide Pharmaceutical Composition and Dosage Form Thereof," was issued on January 30, 2024, is assigned to Shanghai Aucta Pharmaceuticals Co. Ltd., that a copy of the '374 patent was attached to Plaintiffs' Complaint as Exhibit B, and that FDA's Orange Book lists the expiration date of the '374 patent as June 5, 2040. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 13.

14. Paragraph No. 14 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that the ’374 patent is listed in FDA’s Orange Book in connection with NDA No. 216185 for MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 14.

15. Plaintiffs admit that United States Patent No. 12,042,474 (the “’474 patent”) is titled “Lacosamide Pharmaceutical Composition and Dosage Form Thereof,” was issued on July 23, 2024, is assigned to Shanghai Aucta Pharmaceuticals Co. Ltd., that a copy of the ’474 patent was attached to Plaintiffs’ Complaint as Exhibit C, and that FDA’s Orange Book lists the expiration date of the ’474 patent as June 5, 2040. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 15.

16. Paragraph No. 16 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that the ’474 patent is listed in FDA’s Orange Book in connection with NDA No. 216185 for MOTPOLY XR™ (lacosamide) extended-release capsules, 100 mg, 150 mg, and 200 mg. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 16.

## ZYDUS USA'S ANDA

17. Admitted on information and belief.

18. Admitted on information and belief.

19. Plaintiffs admit on information and belief that Zydus USA seeks FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Proposed ANDA Product before the expiration of the ’943, ’374, and ’474 patents, and that ANDA No.

220959 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the ’943, ’374, and ’474 patents.

20. Plaintiffs admit that Zydus USA sent a letter dated February 10, 2026 notifying Plaintiffs that Zydus USA submitted ANDA No. 220959 to FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Proposed ANDA Product, and that ANDA No. 220959 includes a Paragraph IV Certification with respect to the ’943, ’374, and ’474 patents.

21. Plaintiffs admit that Zydus USA’s Notice Letter purports to include a statement of the factual and legal bases in support of Zydus USA’s Paragraph IV Certification for the ’943, ’374, and ’474 patents.

**COUNT I**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 11,337,943)**

22. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

23. Paragraph No. 23 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between Zydus and Plaintiffs regarding Count I of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 23.

24. Denied.

**COUNT II**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 11,337,943)**

25. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

26. Paragraph No. 26 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual

controversy between Zydus and Plaintiffs regarding Count II of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 26.

27. Denied.

**COUNT III**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 11,883,374)**

28. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

29. Paragraph No. 29 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between Zydus and Plaintiffs regarding Count III of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 29.

30. Denied.

**COUNT IV**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 11,883,374)**

31. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

32. Paragraph No. 32 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between Zydus and Plaintiffs regarding Count IV of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 32.

33. Denied.

**COUNT V**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 12,042,474)**

34. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

35. Paragraph No. 35 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between Zydus and Plaintiffs regarding Count V of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 35.

36. Denied.

**COUNT VI**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 12,042,474)**

37. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

38. Paragraph No. 38 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between Zydus and Plaintiffs regarding Count VI of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 38.

39. Denied.

**PRAYER FOR RELIEF**

Plaintiffs deny that Zydus is entitled to any relief, either as prayed for in the Counterclaims or otherwise.

## PLAINTIFFS' DEFENSES

Without prejudice to the denials set forth in this Answer to Counterclaims and to the ability to amend this Answer to Counterclaims to seek and allege any and all defenses not presently known or that are revealed during the course of discovery or otherwise, Plaintiffs assert the following defense in response to the Counterclaims:

### Failure to State a Claim Upon Which Relief Can Be Granted

Zydus's Counterclaims, in whole or in part, fail to state a cause of action upon which relief may be granted.

## PLAINTIFFS' PRAYER FOR RELIEF ON ZYDUS'S COUNTERCLAIMS

Plaintiffs seek the following relief:

A. Judgment dismissing with prejudice Zydus's Counterclaims and denying all relief sought by Zydus;

B. An award to Plaintiffs of their costs and expenses in this action;

C. The entry of Judgment declaring that Zydus's acts render this an exceptional case and awarding Plaintiffs attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

D. An award to Plaintiffs of the relief requested in their Complaint for Patent Infringement;

E. Such further and other relief as this Court deems just and proper.

Dated: June 22, 2026

OF COUNSEL
Christopher P. Borello
Joshua D. Calabro
VENABLE LLP
151 W. 42nd Street, 49th Floor
New York, NY 10036
(212) 218-2100

*/s/ Liza M. Walsh*
Liza M. Walsh
Selina M. Ellis
Patrick S. Salamea
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiffs/Counterclaim Defendants*

## LOCAL RULE 11.2 AND 40.1 CERTIFICATIONS

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending litigation in any court, administrative proceeding, or arbitration proceeding, nor are there any non-parties known to Plaintiffs that should be joined to this action, and this action is not related to any other actions.

Dated: June 22, 2026

*/s/ Liza M. Walsh*
Liza M. Walsh

**LOCAL RULE 201.1 CERTIFICATION**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiffs seek, inter alia, injunctive relief.

Dated: June 22, 2026

*/s/ Liza M. Walsh*
Liza M. Walsh

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a copy of the foregoing ANSWER AND DEFENSES TO THE COUNTERCLAIMS OF ZYDUS PHARMACEUTICALS (USA) INC. AND ZYDUS LIFESCIENCES LIMITED was filed via ECF and served on all counsel of record by electronic mail on June 22, 2026.

By: */s/ Liza M. Walsh*
Liza M. Walsh